Filed 3/5/24  P. v. Castellanoz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RUBEN CASTELLANOZ,<br><br>    Defendant and Appellant. | G062669<br><br>(Super. Ct. No. FWV801883)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Jon D. Ferguson, Judge.  Affirmed.

Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Ruben Castellanoz on appeal from the trial court's denial of his petition for resentencing based on Penal Code section 1172.6.[1] Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

The procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, do not apply to appeals from the denial of section 1172.6 petitions. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 231.) Therefore, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel found no arguable issues and include a concise narration of facts. (*Id.* at p. 231.) The reviewing court should send the brief to the defendant with notice the defendant may file a supplemental brief or letter within 30 days, and if the defendant does not, the court may dismiss the appeal. (*Id.* at pp. 231-232.) While no review of the record is compelled, the court retains discretion to independently review the record. (*Id.* at p. 232.)

Counsel requested this court exercise its discretion to conduct an independent review, which we have. Counsel identified the following issue to assist the court in conducting a discretionary independent review of the record: "Did the trial court err in denying the petition based on the record of conviction it examined?" (Boldface omitted.)

We gave Castellanoz 30 days to file written argument on his own behalf. Castellanoz did not file a supplemental brief or letter. We have independently reviewed the record and found no arguable issues on appeal. We affirm the postjudgment order.

_____

[1] Although the November 2022 petition identified Penal Code former section 1170.95 as the authorizing statute, the Legislature renumbered that section to section 1172.6, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For clarity, we refer to the statute as section 1172.6. All further statutory references are to the Penal Code.

FACTS

The context for the limited issue of this appeal is taken from the prior nonpublished opinion, *People v. Castellanoz* (May 24, 2011, G044931) (*Castellanoz*). After a man died in a shooting incident, a police informant arranged for a meeting with Castellanoz where Castellanoz admitted he had killed the victim. (*Ibid*.) "The tape and transcript of the conversation [between Castellanoz and the informant] were presented to the jury" at Castellanoz's trial. (*Ibid*.)

The jury convicted Castellanoz of first degree murder (§ 187, subd. (a)) (count 1), and found true that he personally discharged a firearm (§§ 12022.5, subd. (a) & 12022.53, subd. (b)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally discharged a firearm causing death (§ 12022.53, subd. (d)). The trial court sentenced Castellanoz to a prison term of 50 years to life based on the conviction and sentencing enhancements. In his appeal from the judgment, Castellanoz argued (among other things) that the police violated his constitutional rights through the manner of setting up his meeting with the informant. (*Castellanoz, supra*, G044931.) We affirmed the judgment. (*Ibid*.)

In 2022, Castellanoz filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel, reviewed briefing by both sides, and denied the petition. The court explained that the jury instructions given at Catellanoz's trial— which only presented a theory of first degree murder that required finding a willful, deliberate, and premeditated killing, and did not implicate the felony-murder rule or the natural and probable consequences doctrine—did not implicate any theory of murder liability recently changed by the Legislature. Castellanoz timely appealed.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) (Stats. 2018, ch. 1015) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder and to limit the scope of the felony-

murder rule.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).)  The statutes were amended "to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, [and] was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra*, 11 Cal.5th at p. 959.)  SB 1437 also added section 1172.6, which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief.  (Former § 1172.6, subd. (a); Stats. 2018, ch. 1015, § 4.)

A section 1172.6 petition must make "'a prima facie showing' for relief. [Citation.]"  (*Lewis, supra*, 11 Cal.5th at p. 960.)  In *Lewis,* our Supreme Court held, "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Id.* at p. 971.)

The trial court correctly concluded Castellanoz was ineligible for resentencing as a matter of law.  The record established conclusively (*People v. Strong* (2022) 13 Cal.5th 698, 708) that he was not convicted of murder under the natural and probable consequences theory or the felony-murder rule, and Castellanoz does not contend otherwise.  All of the jury's instructions for his trial were premised on a theory that Castellanoz was the actual perpetrator of the charged crimes and that he killed with specific intent.  Additionally, as noted, the jury explicitly found Castellanoz personally used a firearm that caused the death of his victim.  We have independently reviewed the record and found no arguable issues on appeal.

DISPOSITION

The postjudgment order is affirmed.


                                                    O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


GOETHALS, J.